[No. 6751. Decided March 17, 1908.]

INLAND EMPIRE RAILWAY COMPANY, *Respondent*, v. HELEN M. McKINLEY *et al.*, *Appellants.*[1]

EMINENT DOMAIN—DAMAGES—TO LANDS NOT TAKEN—SPECIAL FINDING—EFFECT. Upon an award of damages to land by the erection of a dam, depriving the owner of the benefit of a fall of six feet causing a swift current through his land, a special finding of the jury that the current was of no value as a water power for purposes of irrigating lands not taken, is conclusive upon the question as to the depreciation in value of the lands sought to be irrigated, where the issue was as to whether such current could be utilized for that purpose; and it was accordingly not error to exclude evidence of the depreciation in the value of the lands not taken which were to be irrigated.

[1]Reported in 94 Pac. 644.

SAME—WATER POWER APPURTENANT TO LANDS.   Upon condemnation of lands to be overflowed by the erection of a dam, which would deprive the owner of a swift current through his land valuable as a water power, the current is an appurtenant to the lands actually taken, for which damages are to be assessed with the land, and is not an appurtenant to other land not taken where the power had not been developed and made appurtenant to such other lands.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 10, 1906, upon the verdict of a jury awarding damages in a condemnation proceeding.   Affirmed.

*Coovert & Stapleton,* for appellants.
*Graves, Kizer & Graves,* for respondent.

MOUNT, J.—This appeal is taken from an award of damages in condemnation.   The jury assessed the defendants' damages at $2,250.   The defendants appeal from this award.

The facts in the case are in substance as follows:   Appellants own about thirty-seven acres of land bordering upon the Spokane river.   The respondent proposes to construct a dam sixty feet in height across the river above the appellants' premises.   This dam will cause the overflow of about sixteen acres of the appellants' land.   The balance rises high above the river and will not be affected by the overflow.   The river has a fall of about six feet between the upper and lower boundaries of appellants' land, making a swift current.   It is conceded that the erection of the dam will destroy this current. It was claimed by appellants at the trial that this fall affords a valuable power for commercial purposes, and especially for the purpose of pumping water for irrigating the high land. Evidence was submitted to the jury to show the value of the water power as such, and the jury were instructed that they should consider the value of the power as a part of the value of the land taken.   A special finding was requested as to the value of this water power, and the jury found that it was of no value.   The appellants offered evidence to show the amount

of depreciation in value of the land not taken by reason of
the destruction of this power, which it is claimed is a most
economical means of irrigating such lands.   The court ex-
cluded this evidence, and this presents the question on this
appeal.

It is not claimed by the appellants that the land not taken
has ever been irrigated, or that this land is, or will be, dam-
aged in any way by the respondent, except by the destruction
of the current in the river, and it is claimed that this takes
away all means of pumping water on the remaining land and
thus destroys the means of cheaply irrigating such land.  The
finding of the jury that this alleged water power has no value
is, we think, conclusive of the whole question, because, in order
to find that the power was of no value, the jury must have
found that it could not be utilized as a power.   If such power
cannot be utilized, then the balance of the appellants' lands
has not suffered by reason of the destruction of the alleged
power.    The utility of this alleged power was one of the
principal issues in the case, and the facts were gone into fully
and the jury were properly instructed thereon.   No exceptions
were taken to these instructions, and no error is predicated
thereon at this time.   It follows, therefore, as one of the estab-
lished facts in the case, that the alleged power is of no value.

But conceding that the current in the river as it runs past
the appellants' lands may be developed into a valuable power,
by which appellants' lands may be irrigated, in that event the
power is an appurtenant of the land actually taken.   It is not
an appurtenant to other lands, because it has never been de-
veloped and made an appurtenant to the lands not taken.
Therefore, when it is taken with the lands to which it is ap-
purtenant, its value must be assessed with the value of the
lands taken.   The court so instructed the jury.   A different
question might arise if the power were developed and em-
ployed as an appurtenant to the lands not taken.   But such
is not the fact, and that is not the question presented here.

We find no error in the record.   The judgment must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, and ROOT, JJ., concur.